# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VINCENZO RUSSO,

        Plaintiff,

v.                       CASE No. 8:22-cv-611-KKM-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

        Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because substantial evidence does not support the finding that the plaintiff acquired work skills from past relevant work that are transferable to other jobs available in significant

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.

numbers in the national economy, I recommend that the decision be reversed, and the matter remanded for further consideration.

### I.

The plaintiff, who was fifty-nine years old at the time of the administrative hearing and who has some college education, has worked as an IT consultant (Tr. 58, 68, 26). He filed a claim for Social Security disability benefits, alleging that he became disabled due to post-polio syndrome and chronic pain (Tr. 58). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of lumbar spine degenerative disc disease, cervical degenerative spondylosis, post-polio syndrome with right lower extremity residuals, and status post left ankle open reduction internal fixation (Tr. 20). The law judge determined that, with those impairments, the plaintiff had the following residual functional capacity (Tr. 22):

> [He could] lift up to 10 pounds occasionally and lift

2

and carry less than 10 pounds frequently, stand
and/or walk for about 2 hours and sit for 6 hours in
an 8-hour workday with normal and customary
breaks.  The claimant requires the option to use a
cane for walking and standing.   The claimant
should not climb ladders, ropes, and scaffolds; can
occasionally navigate ramps and climb one flight of
stairs;  and  occasionally  balance,  stoop,  kneel,
crouch,  and  crawl.  The  claimant  can  frequently
handle bilaterally.  The claimant must avoid even
moderate exposure to hazards.

The law judge concluded, based on the testimony of a vocational

expert (VE), that the plaintiff is unable to perform any past relevant work (Tr.

26).  However, in light of the VE's testimony, the law judge determined that

the plaintiff acquired work skills from past relevant work that are transferable

to other occupations with jobs existing in significant numbers in the national

economy, such as user support analyst, computer security specialist, and

computer processing scheduler (Tr. 27). Consequently, the law judge found

that the plaintiff was not disabled (Tr. 28).  The Appeals Council let the

decision of the law judge stand as the final decision of the Commissioner of

Social Security.

3

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."    42 U.S.C. 423(d)(1)(A).    A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

*4*

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a medically determinable impairment and its severity. 20 C.F.R. 404.1520(c). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c). When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g).

Where, as here, the plaintiff is advanced in age (55 or older) and has severe impairments that limit him to sedentary work, the defendant

> will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work .... [W]e will find that you have skills that are transferable to skilled or semiskilled sedentary work

> only if the sedentary work is so similar to your
> previous work that you would need to make very
> little, if any, vocational adjustment in terms of tools,
> work processes, work settings, or the industry....

20 C.F.R. 404.1568(4).

## III.

The plaintiff challenges the law judge's decision on five grounds. He alleges that (1) substantial evidence does not support the law judge's finding that the plaintiff acquired work skills from past relevant work that are transferable to other occupations, and that the law judge (2) erred in failing to weigh the opinions of physician's assistant, Janet Cole; (3) failed to include any mental limitation in the residual functional capacity; (4) erroneously found that the plaintiff could perform jobs that exceeded his exertional residual functional capacity; and (5) failed to include in the plaintiff's residual functional capacity absences to account for his medical appointments (Doc. 20, pp. 1-2). The first argument is meritorious and warrants remand.

A.   When a plaintiff is advanced in age and has a residual functional capacity for only sedentary work, he is disabled unless he has skills

7

transferable to a job that is "so similar to [his] previous work that [he] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry...." 20 C.F.R. 404.1568(4).

The Social Security Administration elaborated:

> .... Individuals with these adverse vocational profiles cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill similarity with their PRW [prior relevant work]. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

Social Security Ruling 82-41, 1982 WL 31389 at *5 (S.S.A. 1982).

The testimony of a VE may establish the existence of such jobs.

Zimmer v. Commissioner of Social Security, 211 Fed. Appx. 819, 820 (11th Cir. 2006). The Eleventh Circuit stated (id.):

> [A law judge] relies on the testimony of a vocational expert (VE) to determine what level of skill the

8

> claimant achieved in his past work, whether the
> claimant has transferable skills, and whether the
> claimant can perform other jobs. *Jones,* 190 F.3d at
> 1229 .... The VE provides the ALJ with the
> additional data he needs to make a disability
> determination. *Id.* at 1230.   The VE's testimony
> "trumps" other sources of information with regard
> to skill level and alternative jobs. *Id.* at 1229–30....

Of course, for a vocational expert's testimony to constitute substantial evidence of other jobs, the hypothetical question must comprise all the plaintiff's limitations.  See Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180 (11th Cir. 2011).

Here, the law judge concluded, based on the testimony of the VE, that the plaintiff "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," such as user support analyst, computer security specialist, and computer processing scheduler (Tr. 27).  However, substantial evidence does not support this finding because the hypothetical question which elicited the VE's testimony of these other jobs did not include all the plaintiff's limitations.

At the hearing, the VE testified that the plaintiff's limitations would preclude him from performing his previous work (Tr. 51). The law judge then asked the VE:

> Q: Okay. Could they call upon acquired skills with, you know, a little vocational adjustment assumed, and perform other work?
>
> A: …. There are three occupations that these skills can be transferred to.

(Tr. 51-52). The law judge's hypothetical question omitted that the plaintiff was limited to jobs with "very little, if any, vocational adjustment" in four areas: "tools, work processes, work settings, or the industry." 20 C.F.R. 404.1568(4). This is not a de minimis error, as the limitation ensures that a person with the plaintiff's adverse vocational profile is not disabled only if there are other jobs that he could perform "at a high degree of proficiency with a minimal amount of job orientation." See Social Security Ruling 82-41, 1982 WL 31389, supra, at *5. Therefore, substantial evidence does not support the finding that the plaintiff "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers

10

in the national economy" (Tr. 27) and, concomitantly, that he was not disabled.  See Winschel v. Commissioner of Social Security, supra, 631 F.3d at 1180 ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the plaintiff's [limitations].").

Notably, the law judge, in finding the plaintiff had skills transferable to other occupations, stated (Tr. 27):

> The vocational expert testified the claimant's previous work is so similar to the jobs recited above that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings or the industry.

That is not what the vocational expert said (see Tr. 51-52).  Rather, it is what the expert needed to say in order to support a finding that the plaintiff had transferable skills.

The Commissioner acknowledges that the decision contains errors but contends that they are de minimis and/or harmless (see Doc. 22, p. 1).  Initially, she argues that the law judge is not required to recite the

11

regulatory standard with precise accuracy (id., p. 5). However, in this instance the regulation specifies vocational requirements. See 20 C.F.R. 404.1568(4) (skills are transferable only if the plaintiff "would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry"). The law judge appears to acknowledge its importance, as he tracked the language of the regulation in finding that the plaintiff had skills transferable to other jobs (see Tr. 27). Therefore, this de minimis argument fails.

The defendant contends further that "it may be assumed that the vocational expert was aware of the applicable regulatory standard and the skills required of jobs" (Doc. 22, pp. 6-7). It is speculative to conclude that the VE applied the correct standards in testifying that the plaintiff had transferable skills. Speculation is not substantial evidence. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (The ALJ's finding must be supported by substantial evidence, "not mere intuition or conjecture").[3]

_____

[3] The defendant also argues that the law judge questioning the VE whether there are jobs with "little," instead of "very little," vocational adjustment is a de minimis error. This is

Furthermore, it cannot be said this omission is a harmless error because it is unknown if vocational expert's testimony would have changed if the regulatory limitations were included in the pertinent hypothetical question.

The defendant cites to <u>Zimmer</u> v. <u>Commissioner of Social Security</u>, <u>supra</u>, 211 Fed. Appx. at 820, in arguing that "it may be assumed that the vocational expert was aware of the applicable regulatory standard and the skills required of jobs" (Doc. 22, p. 6). The defendant reads too much into <u>Zimmer</u>. Although <u>Zimmer</u> holds that the VE's testimony is substantial evidence regarding the transferability of skills, it is implicit that the VE's testimony must be based upon a hypothetical question containing all the claimant's limitations. <u>See</u> <u>Winschel</u> v. <u>Commissioner of Social Security</u>, <u>supra</u>, 631 F.3d at 1180. Further, <u>Zimmer</u> did not challenge the completeness

---

not the law judge's only error. In all events, it is presumed that this regulatory distinction has meaning. <u>See</u> <u>United States</u> v. <u>Focia</u>, 869 F.3d 1269, 1283 (11th Cir. 2017) (citations omitted) (emphasis added) ("[W]e must not read any provision, or even any word, of a statute so as to make it superfluous" ... and must instead "<u>give effect</u> ... to every ... <u>word</u> of a statute."); <u>see also</u> <u>United States</u> v. <u>US Stem Cell Clinic, LLC</u>, 998 F.3d 1302, 1308 (11th Cir. 2021).

13

of the hypothetical question; rather, he argued that the VE misidentified "behaviors" as "skills." 211 Fed. Appx. at 820-21.

Finally, the defendant contends that a remand is unwarranted because the plaintiff fails to show that he could not do the jobs identified by the VE (Doc. 22, p. 6). This contention is unpersuasive because, as the law judge acknowledged (Tr. 19), the defendant is responsible for initially identifying other work that exists in significant numbers in the national economy the plaintiff can do. See Washington v. Commissioner of Social Security, 906 F.3d 1353, 1359 (11th Cir. 2018). Since substantial evidence does not support the law judge's finding, the burden has not shifted back to the plaintiff to prove he is unable to perform the jobs identified by the VE. See id.

In sum, remand is appropriate because substantial evidence does not support the law judge's finding that the plaintiff acquired work skills from past relevant work that are transferable to other occupations available in significant numbers in the national economy, in accordance with 20 C.F.R. 404.1568(4).

14

B. The plaintiff, as indicated, raises several more challenges to the law judge's decision. These contentions are properly pretermitted since a new decision will be issued upon remand.

For these reasons, I recommend that the decision of the Commissioner be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: February 28 , 2023

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions or to seek an extension of the fourteen-day deadline. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1

15